IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SHAROD K. BARKSDALE,

    Plaintiff,

v.                                                      Civil Action No. **3:15CV201**

PIEDMONT REGIONAL JAIL, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Sharod K. Barksdale, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2).

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by individual proceeding *in forma pauperis* if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

42 U.S.C. § 1983.

(1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations

Because Barksdale's original complaint failed to provide each defendant with fair notice of the facts upon which their liability rested, the Court directed Barksdale to file a particularized complaint. On June 25, 2015, Barksdale filed his Particularized Complaint. The Particularized Complaint, however, still fails to provide each defendant with fair notice of the facts and law upon which his or her liability rests.[2]

Barksdale lists the following individuals as defendants: Superintendent Donald Hunter, Sergeant Brian Toney, Markith Ferguson and the Medical Staff. The pertinent allegations in Barksdale's Particularized Complaint are as follows with respect to Markith Ferguson:

> On 9/19/14 Officer Markith Ferguson attacked me . . . for asking him for a pin number to use Piedmont's telephone system. . . . Markith Ferguson violated my First Amendment[3] rights by attacking me because I asked for a pin number

---

[2] The Court employs the pagination assigned to the Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations from the Particularized Complaint.

3

> (freedom of speech) and also my Eighth Amendment[4] rights].... Due to excessive force on 9/19/14, while in handcuffs and face down Officer Markith Ferguson smashed my face against the cement floor....

(Part. Compl. 1 (paragraph numbers omitted).) With respect to Superintendent Hunter, Barksdale asserts that Hunter is liable because "Hunter is responsible for all of his officers." (*Id.*) Finally, as to Sergeant Toney, Barksdale states:

> On 9/19 Sgt. Toney made a[n] unprofessional statement towards the incident between me and Officer Ferguson saying "that's what happens when you disobey my officers" Grievance # 1–66. Sgt. Toney was over the shift that Mr. Markith Ferguson was under. Mr. Brian Toney made it seem as if hurting people for no reason was okay. (Eight[h] Amendment cruel and unusual punishment.)

(*Id.* at 2 (paragraph number omitted).)

### III.  Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency," are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13–8–CMC–BHH, 2013 WL 526887, at *2 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont

---

[3] "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I.

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

4

Regional Jail is not a "person" under § 1983). Accordingly, Barksdale's claims against the "Medical Staff" (Part. Compl. 2–3) will be DISMISSED.

Barksdale has stated potentially viable claims against Defendant Ferguson. Barksdale, however, has not stated viable claims against either of Ferguson's supervisors. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Contrary to Barksdale's suggestion, neither Superintendent Hunter nor Sergeant Toney are liable simply because they supervised other individuals who may have violated Barksdale's rights or responded to a grievance complaining a about a violation of his rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (noting that the doctrine of respondeat superior is inapplicable to § 1983 actions); *DePaola v. Ray*, No. 7:12cv00139, 2013 WL 4451236, at *8 (W.D.Va. July 22, 2013) (observing that "a superior's after-the-fact denial of a grievance [or response to a letter] falls far short of establishing § 1983 liability" (citing *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006))). Accordingly, all claims against Defendants Hunter and Toney will be DISMISSED.

### IV. Conclusion

Accordingly, all of Barksdale's claims, except for his claims against Defendant Ferguson, will be DISMISSED. The Court will enter a separate order with respect to service upon Defendant Ferguson.

Barksdale has moved for the appointment of counsel. Counsel need not be appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances. *See Fowler v. Lee*, 18 F. App'x 164, 166 (4th Cir. 2001) (citation omitted). This action presents no complex issues or exceptional circumstances. Additionally, Barksdale's pleadings demonstrate that he is

competent to represent himself in the action. Accordingly, Barksdale's motion for the appointment of counsel (ECF No. 15) will be DENIED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

Date: 11-10-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

6